**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**TERESA M. SMITH,**

    **Plaintiff,**

**v.**                                                                     **No. 16-cv-0958 KBM/SMV**

**HONSTEIN OIL & DISTRIBUTING, L.L.C.,**

    **Defendant.**

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court sua sponte, following its review of the Notice of Removal [Doc. 1] ("Notice"), filed by Defendant Honstein on August 25, 2016.  The Court has a duty to determine whether subject matter jurisdiction exists sua sponte.  *See Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988).  The Court, having considered the Notice of Removal, the pleadings, the applicable law, and being otherwise fully advised in the premises, concludes that the Notice fails to allege the necessary facts of citizenship in order to sustain diversity jurisdiction.  Therefore, the Court will order Defendant Honstein to file an amended notice of removal no later than October 3, 2016, if the necessary jurisdictional allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

**BACKGROUND**

On August 25, 2016, Defendant Honstein filed its Notice of Removal under 28 U.S.C. § 1332. [Doc. 1] at 2.  The Notice asserts that there is complete diversity between the parties and that the amount in controversy exceeds $75,000.  *Id*.  In support of its claim of diversity of citizenship, Defendant asserts that Plaintiff was a "resident" of Nevada at the time of the

collision at issue in the case.  *Id.* at 1.  Defendant Honstein also asserts that it is a "Limited Liability Corporation and is a registered business in the state of Idaho."  *Id.*  Defendant makes no allegations about the citizenships of its members.  *See id.*

## LEGAL STANDARD

The federal statute providing for the removal of cases from state to federal court was intended to restrict rather than enlarge removal rights.  *Greenshields v. Warren Petroleum Corp.*, 248 F.2d 61, 65 (10th Cir. 1957).  Federal courts, therefore, are to strictly construe the removal statutes and to resolve all doubts against removal.  *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982).  The removing party bears the burden of establishing the requirements for federal jurisdiction.  *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

## DISCUSSION

District courts have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.  § 1332(a).  When a plaintiff files a civil action in state court over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant may remove the action to federal court, provided that no defendant is a citizen of the State in which such action is brought.  *See* 28 U.S.C. § 1441(a), (b).  Jurisdiction under § 1332 requires diversity of *citizenship*.  The party asserting jurisdiction must plead citizenship distinctly and affirmatively; allegations of residence are not enough.  *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015).   Domicile, the

equivalent of state citizenship, requires more than mere residence; domicile exists only when residence is coupled with an intention to remain in the state indefinitely.  *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).

Determining the citizenship of a limited liability companies is different from determining the citizenship of a corporation under § 1332.  A corporation is deemed to be a citizen of both the state in which it is incorporated *and* also a citizen of the state in which it maintains its principal place of business.  *See* § 1332(c).  Limited liability companies, however, are treated as partnerships for citizenship purposes and are, therefore, citizens of each and every state in which any member is a citizen.  *Siloam Springs*, 781 F.3d at 1234.

Here, the facts set forth in the Complaint and in the Notice of Removal do not sufficiently establish the citizenship of Plaintiff or Defendant.  First, both the Complaint and the Notice allege that Plaintiff is a "resident" of Nevada and do not mention her "citizenship."  As the party asserting diversity jurisdiction, Defendant must allege Plaintiff's citizenship; her residence is not enough.  Second, the Notice indicates that Plaintiff was a resident of Nevada at the time of the collision.  However, the relevant time for establishing citizenship for diversity purposes is at the time the Complaint is filed, not the time of the events giving rise to the lawsuit.  *Id.* at 1239.  Third, if Defendant is, indeed, an L.L.C., it must plead the citizenship of each and every one of its members.  If it is actually a corporation, it must plead both its state of incorporation and the state in which its principal place of business is located.

A notice of removal that fails to specify the necessary facts to establish diversity jurisdiction is defective.  *Hendrix v. New Amsterdam Cas. Co.*, 390 F.2d 299, 300 (10th Cir.

3

1968). Technical defects, however, may be cured by amendment of the notice. *See id.* at 300–02 (permitting amendment of notice of removal to allege principal place of business of defendant and citizenship, rather than mere residence, of the plaintiff); *Buell v. Sears, Roebuck & Co.*, 321 F.2d 468, 471 (10th Cir. 1963) (permitting amendment after appeal to allege corporation's principal place of business); *see also* 28 U.S.C. § 1653 (Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.). As the Tenth Circuit explained in *Hendrix*, disallowing amendment in circumstances comparable to those in this case would be "too grudging with reference to the controlling statute [28 U.S.C. § 1653], too prone to equate imperfect allegations of jurisdiction with the total absence of jurisdictional foundations, and would tend unduly to exalt form over substance and legal flaw-picking over the orderly disposition of cases properly committed to federal courts." 390 F.2d at 301 (footnotes omitted). Accordingly, the Court will grant Defendant Honstein leave to file an amended notice of removal to properly allege the citizenship of the parties.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendant Honstein must amend the Notice of Removal to properly allege diversity of citizenship, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than **October 3, 2016**.

**IT IS FURTHER ORDERED** that if such an amended notice is not filed by **October 3, 2016**, the Court may dismiss this action without prejudice.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**